**LightGabler**
By: Chandra A. Beaton (State Bar #225787)
        Kathleen M. Fellows (State Bar #277139)
760 Paseo Camarillo, Suite 300
Camarillo, CA 93010
(805) 248-7208
(805) 248-7209 (fax)
cbeaton@lightgablerlaw.com
kfellows@lightgablerlaw.com

Attorneys for Defendant
DCOR, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GREEN, individually, and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>          vs.<br><br>DCOR, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No.  2:22-cv-5916<br><br>(Superior Court of California for the County of Ventura Case No. 56-2022-00567633-CU-OE-VTA)<br><br>**DEFENDANT DCOR, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1367, 1441, 1446, AND 43 U.S.C. § 1331, ET SEQ.**<br><br>State Court Complaint Filed: July 7, 2022 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF KEVIN GREEN, individually, and on behalf of all others similarly situated, AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant DCOR, LLC ("Defendant" or "DCOR") hereby removes the matter of *Kevin Green, individually, and on behalf of all others similarly situated v. DCOR, LLC,* et al., pending in the Superior Court of the State of California for the County of Ventura, Case No. 56-2022-00567633-CU-OE-VTA (the "Action"), to the United States District

Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446, and 43 U.S.C. § 1331, et seq.

Removal is proper on the following two independent grounds: (i) diversity of citizenship, pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b); and (ii) federal question jurisdiction under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, et seq.

Dated: August 19, 2022          **LightGabler**

By:  /s/ Kathleen M. Fellows
     Chandra A. Beaton
     Kathleen M. Fellows
     Attorneys for Defendant
     DCOR, LLC

#1132479          DEFENDANT DCOR, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

1

# TABLE OF CONTENTS

2

TIMELINESS OF REMOVAL ....................................................................... 5

3

REMOVAL BASED ON DIVERSITY (28 U.S.C. § 1332(A)) ....................... 6

4

FEDERAL QUESTION JURISDICTION AND VENUE ............................... 11

5

SUPPLEMENTAL JURISDICTION ............................................................ 14

6

JOINDER ................................................................................................... 15

7

NOTICE TO PLAINTIFF ............................................................................ 15

8

STATE COURT PLEADINGS .................................................................... 15

9

BRIEFING .................................................................................................. 15

10

NO WAIVER ............................................................................................... 16

11

DECLARATION OF KATHLEEN M. FELLOWS ........................................ 17

12

EXHIBIT A (SUMMONS & COMPLAINT) .................................................. 20

13

EXHIBIT B (NOTICE & ACKNOWLEDGMENT OF RECEIPT) ................. 49

14

EXHIBIT C (CIVIL CASE COVER SHEET) ............................................... 52

15

EXHIBIT D (PAGA NOTICE) ..................................................................... 55

16

EXHIBIT E (NOTICE NOTICE TO STATE COURT AND ADVERSE
     PARTY OF REMOVAL OF THIS ACTION TO FEDERAL
     COURT) .......................................................................................... 65

17

18

19

EXHIBIT F (NOTICE OF CASE ASSIGNMENT AND MANDATORY
     APPEARANCE) .............................................................................. 69

20

EXHIBIT G (MINUTE ORDER DESIGNATING CASE AS A
     COMPLEX CASE) ........................................................................... 71

21

22

EXHIBIT H (NOTICE OF CHANGE OF TRACK ASSIGNMENT
     - COMPLEX CASE) ......................................................................... 73

23

24

EXHIBIT I (VENTURA COUNTY SUPERIOR COURT CASE DOCKET) .. 76

25

26

27

28

## CLAIMS AND PROCEDURAL BACKGROUND

1.    On July 7, 2022, Plaintiff KEVIN GREEN ("Plaintiff"), individually, and on behalf of all others similarly situated, filed suit against Defendant in the Ventura County Superior Court of the State of California.

2.    A copy of the conformed Summons and Complaint is attached as **Exhibit "A"** to the Declaration of Kathleen M. Fellows ("Fellows Decl.") filed concurrently herewith.  The Complaint ("Complaint") is the initial pleading setting forth the claims for relief upon which this Action is based and may be removed.  The allegations of the Complaint are incorporated into this notice by reference without necessarily admitting the truth of any of them.  No other initial pleadings were received by DCOR prior to the Summons and Complaint referenced above.

3.    On July 20, 2022, DCOR executed a Notice and Acknowledgment of Receipt ("NAR") of the Summons and Complaint.  A copy of the executed NAR is attached as **Exhibit "B"** to the Fellows Decl. filed concurrently herewith.

4.    In the Complaint, Plaintiff alleges claims solely under state law, including claims that:  (i) DCOR failed to pay all minimum wages; (ii) failed to pay overtime premium wages; (iii) failed to provide legally compliant meal periods and pay meal period premium pay; (iv) failed to provide legally compliant rest periods and to pay rest period premium pay; (v) failed to reimburse for employment-related expenses; (vi) failed to timely pay final wages at termination; and (vii) failed to provide accurate itemized wage statements all in violation of multiple California Labor Code sections, including, but not limited to, Sections 201-203, 204, 226, 226.7, 512, 1194, 1194.2, 1197, 1198 and 2802, as well as the applicable California Industrial Welfare Commission wage orders and California Business and Professions Code section 17200, et seq.  (Complaint, ¶¶ 1, 4, 14-20, 27, 30-94.)

5.    Plaintiff seeks to represent himself and a purported class of employees that includes all hourly, nonexempt employees who worked for DCOR during the time period beginning four years before the filing of the Complaint and continuing to the future date when notice to the Class is sent. (Complaint, ¶ 23.)

6.    Plaintiff alleges eight causes of action for:   (1) Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; (3) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512]; (4) Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7]; (5) Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802]; (6) Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203]; (7) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and (8) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].

7.    Plaintiff has demanded a jury trial.

8.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), because the Superior Court where the removed case was pending is located within the District.

9.    This Action may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441, and 43 U.S.C. § 1349(b)(1)(A), on the following grounds discussed below.

## TIMELINESS OF REMOVAL

10.    DCOR accepted service of the Summons and Complaint on July 20, 2022.   Accordingly, this Notice of Removal is timely filed in that it has been filed within thirty (30) days of the receipt of the Summons and Complaint, as required by 28 U.S.C. § 1446(b).

/ / /

#1132479                    DEFENDANT DCOR, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

## REMOVAL BASED ON DIVERSITY (28 U.S.C. § 1332(a))

11.    The Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, which provides that an action is removable to federal court if (a) the action is between citizens of different states and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.  DCOR may properly remove the Action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because:

12.    The Action is between citizens of different states.

    a. Plaintiff is, and was at the time this Action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a), because his place of residence and domicile is, and was, within the State of California. (Complaint, ¶ 7 (July 7, 2022); Declaration of David C. McDermott, General Counsel for DCOR, LLC in Support of Defendant DCOR, LLC's Notice of Removal ("McDermott Decl."), ¶¶ 14-15; Fellows Decl. ¶ 4.)

    b. DCOR is the only defendant named in this Action and the presence of Doe defendants has no bearing on diversity with respect to removal.  (See 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

    c. DCOR is now, and was at the time this Action was commenced, a citizen of the states of Texas and Florida within the meaning of 28 U.S.C. § 1332(c)(1).  DCOR is a limited liability company organized and existing under the laws of the state of Texas. (McDermott Decl, ¶¶ 3, 4 including Ex. "A".)  DCOR's citizenship for purposes of removal is determined by the residences and domiciles of its members.  (*Johnson v. Columbia Props.*

*Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

    d. DCOR is comprised of the following members:

        i. 99.5% membership percentage, W.M. Templeton (Declaration of W.M. Templeton in Support of Defendant DCOR, LLC's Notice of Removal ("W.M. Templeton Decl."), ¶ 1; McDermott Decl, ¶ 5a.)

        ii. 0.5% membership percentage, Ryan Templeton (Declaration of Ryan Templeton in Support of Defendant DCOR, LLC's Notice of Removal ("R. Templeton Decl."), ¶¶ 1; McDermott Decl, ¶ 5b.)

    e. An individual's domicile is the individual's permanent home, where he or she resides with the intention to remain or to which he or she intends to return. (*Johnson*, 437 F.3d at 899; see also *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L.Ed. 360 (1915) (holding that a person is a citizen of the state in which she has her domicile, i.e., a permanent home where she intends to remain or to which she intends to return); *Kanter v. Warren–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"); *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.").

    f. Accordingly, DCOR's members are citizens of the following

states:

    i. W.M. Templeton is a citizen of Texas.  His fixed and permanent residence is in Dallas, Texas, and he intends this to be his residence for the foreseeable future.  (W.M. Templeton Decl., ¶ 2; see also McDermott Decl, ¶ 6.)

    ii. Ryan Templeton is a citizen of Florida.  His fixed and permanent residence is in Santa Rosa Beach, Florida, and he intends this to be his residence for the foreseeable future.  (R. Templeton Decl., ¶ 2.)

g. As DCOR's members are citizens of Texas and Florida, under 28 U.S.C. § 1332, DCOR also is a citizen of Texas and Florida.

13.    The amount in controversy exceeds $75,000, exclusive of interest and costs:

a. Without admitting that Plaintiff could recover any damages, the amount in controversy in this Action for which Plaintiff asserts a four-year liability period exceeds $75,000 on the following grounds:

b. Plaintiff filed a Civil Case Cover Sheet in the Ventura County Superior Court in which he represented that he is demanding in excess of the jurisdictional amount for unlimited civil cases, $25,000.  (Fellows Decl., ¶ 5, Ex. "C".)

c. Based on the violations alleged in the Complaint (see above in this Notice at pp. 2-3, ¶ 4), Plaintiff seeks to recover unpaid wages, liquidated damages, unpaid premium pay restitution, interest, and attorneys' fees against Defendant for a period up to four years.  (See Complaint, ¶¶ 23, Complaint Prayer for Relief starting at p. 21 ¶¶ 4-46.)

d. Based only on the Complaint, the amount in controversy for

Plaintiff, in his individual capacity, easily, exceeds $75,000.  In setting forth the calculations below, DCOR does not admit that it is liable to Plaintiff for any amount.  On the contrary, DCOR denies that it is liable to Plaintiff in any amount for relief.

      i.  Plaintiff alleges that he worked more than eight hours in a day (Complaint, ¶ 43) and claims that his damages for unpaid minimum wages (Complaint, ¶ 35) and overtime wages (Complaint, ¶ 45), each are unknown but exceed the jurisdictional minimum of the Court in which he filed ($25,000 each, for a combined claim of $50,000).

     ii.  Plaintiff was employed as an operator safety technician for DCOR from approximately March 2021 to January 2022 (Complaint, ¶ 7). Plaintiff worked at least 141 days during his employment with DCOR.  His hourly pay ranged from $14.00 to $18.05, with an average hourly rate of $16.87 during this timeframe.  (McDermott Decl., ¶ 13.)  Plaintiff's claims for meal period violations, rest period violations and waiting time penalties are based upon this average hourly rage.

    iii.  Plaintiff's amount in controversy is set forth below.

            Unpaid minimum wages: > $25,000

            Liquidated damages: > $25,000

            Unpaid overtime wages: > $25,000

            Meal Period Premiums: $ 2,378.67

            Rest Period Premiums: $ 2,378.67

            Waiting time penalties: > $ 4,048.80

            <u>Wage statement violations: $4,000.00</u>

            Total for Plaintiff > $75,000

e.  These calculations are conservative.  They place no value on Plaintiff's claims for: double-time pay to the extent it is sought and/or failure to reimburse job-related business expenses

f.  In addition, Plaintiff's Complaint seeks an unspecified amount of attorneys' fees (Complaint ¶¶ 39, 47, 67 and 94, and in the Prayer for Relief starting at p. 22, ¶¶ 8, 13, 18, 23, 28, 33, 38 and 43), which would certainly exceed $75,000 for the litigation of the named Plaintiff's claims alone.  In determining whether a complaint meets the $75,000 threshold of 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory, as well as attorneys' fees.  (See, e.g., *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.) (2014), cert. denied (attorneys' fees may be taken into account to determine jurisdictional amount); *Billings & Co., Inc. v. Pine Street Realty Associates Ltd. Partnership*, 754 F.Supp. 10 (D.R.I. 1990) (breach of contract complaint demanding $50,000 under Rhode Island law plus interest, costs and attorney fees satisfied amount in controversy requirement where claim for attorney's fees could be treated as pushing case across jurisdictional threshold amount.).)

g.  Further, Plaintiff submitted a "Notice of Labor Code Violations and PAGA Penalties" to the California Labor & Workforce Development Agency and DCOR on or about July 4, 2022 ("PAGA Notice") indicating Plaintiff's intent to pursue a representative action pursuant to the California Labor Code Private Attorneys General Act ("PAGA") on behalf of himself and other allegedly aggrieved employees, which he defined as "all other current and former aggrieved employees who worked for

Defendant in California as an hourly paid, non-exempt employee at any time within the applicable statutory period." (Fellows Decl., ¶ 6, Ex. "D" PAGA Notice ¶¶ 1-2.)

    i. In the PAGA Notice, Plaintiff provides notice of his intent to pursue PAGA penalties under Labor Code section 2699(f)(2) (civil penalty in the amount of one hundred dollars ($100) for the initial violation and two hundred dollars ($200) for each subsequent violation.) There are approximately 22 pay periods between Plaintiff's alleged dates worked (i.e., March 2021 to January 2022 (Complaint, ¶ 7)). It is anticipated that Plaintiff will seek *at least* one PAGA penalty per pay period, which would add an additional $4,300 ($100 x first pay period + $200 x 21 subsequent pay periods) to his individual damages claim.

  h. Thus, the above calculations are very conservative estimates of the true amount in controversy.

14.    Because Plaintiff and DCOR are citizens of different states, and because the Court may disregard the citizenship of Doe defendants, there is complete diversity between the parties. Further, because there is complete diversity and because the amount in controversy threshold is met, the requirements for removal under 28 U.S.C. §§ 1332(a) and 1441(a) are satisfied.

15.    The Court may not decline to exercise jurisdiction over the action pursuant to 28 U.S.C. § 1332(d)(3), because DCOR is not a citizen of the state in which the action was filed.

## FEDERAL QUESTION JURISDICTION AND VENUE

16.    This Court has jurisdiction over this Action pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), which states, in pertinent part, that

"the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with… any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals…" 43 U.S.C. § 1349(b)(1)(A) ("Jurisdiction and venue of actions"); see also 28 U.S.C. § 1331.

17.    Plaintiff's proposed class is defined as "[a]ll persons who worked for any Defendant in California as an hourly, nonexempt employee at any time during the period beginning four years before the filing of the initial complaint in this Action and ending when notice to the Class is sent." (Complaint, ¶ 23.)  Although Plaintiff's Complaint is somewhat vague as to exactly where Plaintiff and the other employees he seeks to represent worked, Plaintiff and the putative class as alleged by Plaintiff includes individuals who worked for DCOR on sixteen oil platforms.  Of these platforms, thirteen are fixed federal oil platforms, connected to the seabed of the Outer Continental Shelf.   (McDermott Decl., ¶¶ 8-9.)  At all material times in 2021 and 2022 when Plaintiff was employed by DCOR, he worked almost entirely on two fixed federal oil platforms connected to the seabed of the Outer Continental Shelf, Platform A and Platform Hidalgo.  (McDermott Decl., ¶¶ 8-12.)

18.    Platforms A and Hidalgo are fixed platforms connected to the outer Continental Shelf and used for the exploration, development, and production of the minerals of the subsoil and seabed of the outer Continental Shelf.  (McDermott Decl., ¶¶ 9, 10, 10(a), 10(k).)  The alleged violations incidents giving rise to this lawsuit would not have occurred but for these exploration, development, and production activities.    Accordingly, the OCSLA applies and vests this Court with federal question jurisdiction over

this Action.

19.    Because Platforms A and Hidalgo are located more than three miles offshore from the California coast, they are located on the outer Continental Shelf for purposes of the OCSLA and, therefore, subject to federal jurisdiction.  (*Id*. at § 1331(a); see also e.g., *Center for Biological Diversity v. Bernhardt*, 982 F.3d 723, 731 n.2 (9th Cir. 2020) ("The outer Continental Shelf includes all submerged lands lying seaward of state coastal waters (3 miles offshore) which are under U.S. jurisdiction.") (internal citations omitted).)

20.    These federal oil platforms are located in waters subject to federal jurisdiction under the OCSLA. OCSLA extends federal law to the subsoil and seabed of the outer continental shelf and to all structures (not including ships or vessels) permanently or temporarily attached to the seabed for the purpose of developing, producing, or exploring for oil or other minerals. 43 U.S.C. § 1349(b)(1)(A); *Barker v. Hercules Offshore*, Inc., 713 F.3d 208, 220 (5th Cir. 2013) ("OCSLA explicitly provides that district courts have federal question jurisdiction over claims occurring on the Outer Continental Shelf.") (original emphasis omitted); *Hufnagel v. Omega Serv. Indus., Inc*., 182 F.3d 340, 349 (5th. Cir. 1999) ("It is evident from this [legislative history] that federal law is 'exclusive' in its regulation of this area, and that state law is adopted only as surrogate federal law.") (citation omitted) (some internal quotation marks omitted).

21.    Removal is appropriate under the OCSLA in any case that would not have arisen "but-for" the existence of the "drilling and exploration operation."  (*In re Deepwater Horizon,* 745 F.3d 157, 163-64 (5th Cir. 2014) (citation omitted) (internal quotation marks omitted); see also *Valdez v. Alliance Liftboats, LLC*, No. 2:14-CV-444, 2015 WL 1168284, at *2 (S.D. Tex. Mar. 13, 2015) ("OCSLA provides original jurisdiction for removal even

if the plaintiff does not plead it."); *Broussard v. John E. Graham & Sons*, 798 F. Supp. 370, 372 (M.D. La 1992) ("[I]f plaintiff seeks relief based on state law for an accident arising from operations conducted on the Outer Continental Shelf which involve exploration of minerals, the plaintiff seeks relief based on federal law through the OCSLA. Therefore, a claim for relief under state law for an accident which occurs on the Outer Continental Shelf requires a federal district court to exercise federal question jurisdiction under 28 U.S.C. § 1331.").

22. Because the vast majority of individuals in Plaintiffs' proposed class, including Plaintiff himself, work or have worked on federal oil platforms located on and connected to the Outer Continental Shelf, their claims clearly arise out of, or are in connection with, operations involving "development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf." (43 U.S.C. § 1349(b)(1)(A).) Accordingly, OCSLA provides the Court with original jurisdiction for removal.

23. Venue is proper in this Court pursuant to the OCSLA, which goes on to state that "[p]roceedings with respect to any such case or controversy may be instituted in the judicial district in which any defendant resides or may be found, or in the judicial district of the State nearest the place the cause of action arose." (*Id*. at § 1349(b)(1).)

24. The incidents giving rise to this lawsuit occurred on the outer Continental Shelf more than three miles to the west of Ventura County, California. As a result, venue is proper in this Court pursuant to the OCSLA.

## SUPPLEMENTAL JURISDICTION

25. To the extent this Action is deemed to include any claim over which this Court should need to exercise supplemental jurisdiction, the exercise of such jurisdiction is proper in that any such claims "are so related to claims in the action within [the court]'s original jurisdiction that they form

part of the same case or controversy…"   (28 U.S.C § 1367(a) ("Supplemental jurisdiction").)

## JOINDER

26.     Defendant is not aware of any other defendant existing or otherwise named in the Complaint or any defendant who has been served with Plaintiff's Summons and Complaint.   Accordingly, no other defendant need consent to this notice of removal.

## NOTICE TO PLAINTIFF

27.     In accordance with 28 U.S.C. §1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel of record, Kane Moon, Esq. and Lilit Tunyan, Esq. of Moon & Yang, APC located at 1055 W. Seventh Street, Suite 1880, Los Angeles, CA 90017 and filed with the Clerk of the Superior Court for the County of Ventura.

28.     A true and correct copy of the Notice to State Court and Adverse Party of Removal of This Action to Federal Court is attached as **Exhibit "E"** to the Fellows Decl., filed concurrently herewith.   The Notice attached as Exhibit "E" will be promptly filed in the State Court and served on all parties with a conformed copy of this Notice.   Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## STATE COURT PLEADINGS

29.     Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders filed in the state court action are being provided with this Notice of Removal. (Fellows Decl., ¶¶ 2-3, 5-12, Exs. A-I.)

## BRIEFING

30.     If any question arises as to the propriety of the removal of this Action, DCOR requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly

removable.

## <u>NO WAIVER</u>

31.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of DCOR's right to assert any defense or affirmative matter.

WHEREFORE, DCOR hereby removes this Action from the Superior Court for the County of Ventura to this Court.

Respectfully submitted.

Dated: August 19, 2022        **LightGabler**

By:  /s/ Kathleen M. Fellows
Chandra A. Beaton
Kathleen M. Fellows
Attorneys for Defendant
DCOR, LLC

**DECLARATION OF KATHLEEN M. FELLOWS**

I, Kathleen M. Fellows, declare:

1.    I am an attorney licensed by the State Bar of California, an associate of LightGabler, and one of the attorneys representing defendant, DCOR, LLC ("DCOR") in this action.  I have personal knowledge of the facts stated in this declaration based on my review of public records, data and/or other information provided to me, and if called upon to do so, I could and would competently testify to them.  I submit this declaration in support of DCOR's Notice of Removal.

2.    On or about July 7, 2022, Plaintiff Kevin Green filed a Complaint ("Complaint") in the Superior Court of the State of California, County of Ventura entitled:  "*Kevin Green, individually, and on behalf of all others similarly situated v. DCOR, LLC, et al.,*" designated as Case No. 56-2022-00567633-CU-OE-VTA (the "Action").   A true and correct copy of the Summons and Complaint are attached hereto as **Exhibit "A"**.

3.    DCOR accepted service of the Complaint on July 20, 2022.  A true and correct copy of the executed Notice and Acknowledgment of Receipt ("NAR") of the Summons and Complaint is attached hereto as **Exhibit "B"**.

4.    I conducted a public records search on Plaintiff Kevin Green on August 18, 2022 ("Public Records Search").   Plaintiff's Public Records Search did not list any address associated with his name outside of the state of California, with the exception of listings for a limited time for the months of April 2016, March 2016 to October 2017, and November 2019.  Plaintiff's Public Records Search links him to California addresses in Kern County going back to July 2001.  The most recent address associated with Plaintiff's name reflects a Bakersfield, Kern County address and the Public Records Search indicates that he has been associated with that address from

January 1, 2017 to present.  Accordingly, on information and belief, I believe that with the exception of the months identified above, from 2001 to present, Plaintiff did not reside at any address outside of California.

5.    Plaintiff filed a Civil Case Cover Sheet in the Action on or about July 7, 2022.  A true and correct copy of the Civil Case Cover Sheet is attached hereto as **Exhibit "C".**

6.    Plaintiff submitted a "Notice of Labor Code Violations and PAGA Penalties" to the California Labor & Workforce Development Agency and DCOR on or about July 4, 2022 ("PAGA Notice") indicating Plaintiff's intent to pursue a representative action pursuant to the California Labor Code Private Attorneys General Act ("PAGA") on behalf of himself and other allegedly aggrieved employees, which he defined as "all other current and former aggrieved employees who worked for Defendant in California as an hourly paid, non-exempt employee at any time within the applicable statutory period."  A true and correct copy of the PAGA Notice is attached hereto as **Exhibit "D"**.

7.    A true and correct copy of the Notice to State Court and Adverse Party of Removal of This Action to Federal Court is attached hereto as **Exhibit "E"**.  The Notice attached as Exhibit "E" will be promptly filed in the State Court and served on all parties with a conformed copy of this Notice. Proof of service of the Notice to State Court and Adverse Party of Removal of This Action to Federal Court will be filed with this Court immediately after the Superior Court filing is accomplished.

8.    On or about July 8, 2022, the Ventura County Superior Court issued a Notice of Case Assignment and Mandatory Appearance.  A true and correct copy of the July 8, 2022 Notice is attached hereto as **Exhibit "F".**

/ / /

9. On or about July 12, 2022, the Ventura County Superior Court designated the state case as a complex case and class action lawsuit. A true and correct copy of the July 12, 2022 Minute Order is attached hereto as **Exhibit "G".**

10. On or about July 13, 2022, the Ventura County Superior Court issued a Notice of Change of Track Assignment – Complex case and scheduled a Case Management Conference for October 14, 2022. A true and correct copy of the Notice is attached hereto as **Exhibit "H"**.

11. **Exhibits "A"-"H"** attached hereto constitute all process, pleadings, notice regarding PAGA claims and orders served on or by DCOR in this action.

12. Attached hereto as **Exhibit "I"** is a true and correct copy of the case Ventura County Superior Court Docket for Case No. 56-2022-00567633-CU-OE-VTA that I caused my office to obtain and print on August 19, 2022.

13. I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on August 19, 2022.

/s/ Kathleen M. Fellows
Kathleen M. Fellows

#1132479        DEFENDANT DCOR, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

NOTICE OF REMOVAL

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED**
by Superior Court of California
County of Ventura
**07/07/2022**
Brenda L. McCormick
Executive Officer and Clerk
*M Suazo*
Mariana Suazo
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DCOR, LLC, a limited liability company; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEVIN GREEN, individually, and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Ventura<br><br>800 South Victoria Ave.<br>Ventura, CA 93009 | **CASE NUMBER:**<br>*(Número del Caso):*<br>56-2022-00567633-CU-OE-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kane Moon, MOON & YANG APC, 1055 W. 7th Street, Suite 1880, Los Angeles, CA 90017 (213) 232-3128

| DATE:<br>*(Fecha)*  07/07/2022 | Brenda L. McCormick Clerk, by<br>*(Secretario)* | *M Suazo* , Deputy<br>*(Adjunto)*<br>Mariana Suazo |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):* 21
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

NOTICE OF REMOVAL

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

Kane Moon (SBN 249834)
        kane.moon@moonyanglaw.com
Lilit Tunyan (SBN 329351)
        lilit.tunyan@moonyanglaw.com
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff Kevin Green

**Electronically FILED**
by Superior Court of California
County of Ventura
**07/07/2022**
Brenda L. McCormick
Executive Officer and Clerk

Mariana Suazo
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF VENTURA

| | |
|---|---|
| KEVIN GREEN, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>DCOR, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>        Defendants | Case No.: 56-2022-00567633-CU-OE-VTA<br><br>**CLASS ACTION COMPLAINT:**<br><br>1.  Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197];<br>2.  Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198];<br>3.  Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];<br>4.  Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7];<br>5.  Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802];<br>6.  Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];<br>7.  Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and<br>8.  Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #: 1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

1

## <u>**TABLE OF CONTENTS**</u>

2  INTRODUCTION & PRELIMINARY STATEMENT................................................................ 1

3  THE PARTIES ........................................................................................................... 3

4        A.    Plaintiff........................................................................................................ 3

5        B.    Defendants................................................................................................... 3

6  ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ................................ 4

7  CLASS ACTION ALLEGATIONS ............................................................................ 7

8  FIRST CAUSE OF ACTION ..................................................................................... 11

9  SECOND CAUSE OF ACTION ................................................................................ 13

10  THIRD CAUSE OF ACTION ................................................................................... 14

11  FOURTH CAUSE OF ACTION ............................................................................... 15

12  FIFTH CAUSE OF ACTION..................................................................................... 16

13  SIXTH CAUSE OF ACTION .................................................................................... 16

14  SEVENTH CAUSE OF ACTION.............................................................................. 17

15  EIGHTH CAUSE OF ACTION ................................................................................. 19

16  PRAYER FOR RELIEF.............................................................................................. 21

17  DEMAND FOR JURY TRIAL .................................................................................. 25

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #: 1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

1    Plaintiff Kevin Green ("Plaintiff"), based upon facts that either have evidentiary support

2  or are likely to have evidentiary support after a reasonable opportunity for further investigation

3  and discovery, alleges as follows:

4                    **INTRODUCTION & PRELIMINARY STATEMENT**

5    1.    Plaintiff brings this action against Defendants DCOR, LLC, and Does 1 through

6  10 (collectively referred to as "Defendants") for California Labor Code violations and unfair

7  business practices stemming from Defendants' failure to pay minimum wages, failure to pay

8  overtime wages, failure to provide meal periods, failure to authorize and permit rest periods,

9  failure to maintain accurate records of hours worked and meal periods, failure to timely pay all

10  wages to terminated employees, failure to indemnify necessary business expenses, and failure to

11  furnish accurate wage statements.

12    2.    Plaintiff brings the First through Eighth Causes of Action individually and as a

13  class action on behalf of himself and certain current and former employees of Defendants

14  (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully

15  below).  The Class consists of Plaintiff and all other persons who have been employed by any

16  Defendants in California as an hourly-paid, non-exempt employeeduring the statute of limitations

17  period applicable to the claims pleaded here.

18    3.    Defendants own/owned and operate/operated an industry, business, and

19  establishment within the State of California, including Ventura County. As such, and based upon

20  all the facts and circumstances incident to Defendants' business in California, Defendants are

21  subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission

22  ("IWC"), and the California Business & Professions Code.

23    4.    Despite these requirements, throughout the statutory period Defendants

24  maintained a systematic, company-wide policy and practice of:

25        (a)    Failing to pay employees for all hours worked, including all minimum

26              wages, and overtime wages in compliance with the California Labor Code

27              and IWC Wage Orders;

28
                              24
                    NOTICE OF REMOVAL
                          5
                              1
                    ─────────────────────────
                    CLASS ACTION COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

(b)    Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c)    Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d)    Failing to indemnify employees for necessary business expenses incurred;

(e)    Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

(f)    Failing to maintain accurate records of the hours that employees worked.

(g)    Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5.    On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies.  Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.    At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class.  Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

## THE PARTIES

### A.    Plaintiff

7.    Plaintiff is a California resident that worked for Defendants in the County of Ventura, State of California, as an operator safety technician, primarily in Ventura county, from approximately March 2021 to January 2022.

8.    Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

### B.    Defendants

9.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant DCOR, LLC is:

      (a)    A limited liability company with their principal place of business in Ventura, California;

      (b)    A business entity conducting business in numerous counties throughout the State of California, including in Ventura County; and

      (c)    The former employer of Plaintiff, and the current and/or former employer of the putative Class. Defendants suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

10.    Plaintiff does not currently know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names.  Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein.  Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

11.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

12.    Plaintiff is informed and believes and thereon alleges that at all relevant times

each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.    Plaintiff is a California resident who worked for Defendants in the County of Ventura, State of California, as an operator safety technician from approximately March 2021 to January 2022. During the statutory period, Defendants classified Plaintiff as non-exempt from California's overtime requirements, and paid Plaintiff an hourly wage.

14.    Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to indemnify Plaintiff for necessary business expenses, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff.  As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

15.    Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages. Plaintiff and the Class received non-discretionary bonuses and other remuneration.  However, Defendants failed to incorporate all remuneration when calculating the overtime rate of pay, meal and rest

NOTICE OF REMOVAL

CLASS ACTION COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

break rate of pay, and sick pay rate of pay.  Also throughout the statutory period, Plaintiff and the Class worked off the clock, and uncompensated. For example, Plaintiff and the Class performed off the clock work, including performing paperwork while off the clock, uncompensated.  Also Plaintiff and the Class were occasionally required to be on-call, but they were not properly paid for this time.  In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the Class worked.

16.    Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods.  Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Defendants also failed to accurately record meal periods. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

17.    Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods.  Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted.  Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period.  Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods.  Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods.  Further, Defendants did not maintain accurate records of employee work periods, and therefore

NOTICE OF REMOVAL

CLASS ACTION COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

1  Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of

2  each work period. Accordingly, Defendants' policy and practice was to not authorize and permit

3  Plaintiff and the Class to take rest periods in compliance with California law.

4        18.    Throughout the statutory period, Defendants wrongfully required Plaintiff and the

5  Class to pay expenses that they incurred in direct discharge of their duties for Defendants without

6  reimbursement, including the purchase of masks, locker locks, towels, soap, and sheets.  Plaintiff

7  and the Class were also required to use their own personal cellular telephones for work purposes,

8  without full reimbursement.

9        19.    Throughout the statutory period, Defendants willfully failed and refused to timely

10  pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum

11  wages, overtime wages, meal period premium wages, and rest period premium wages.

12        20.    Throughout the statutory period, Defendants failed to furnish Plaintiff and the

13  Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross

14  and net wages earned (including correct hours worked, correct wages earned for hours worked,

15  correct overtime hours worked, correct wages for meal periods that were not provided in

16  accordance with California law, correct wages for rest periods that were not authorized and

17  permitted to take in accordance with California law, and Defendant's address).  Further, the wage

18  statements do not show Defendant's address as required by California law.  As a result of these

19  violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because,

20  among other things:

21      (a)    the violations led them to believe that they were not entitled to be paid

22         minimum wages, overtime wages, meal period premium wages, and rest

23         period premium wages to which they were entitled, even though they were

24         entitled;

25      (b)    the violations led them to believe that they had been paid the minimum,

26         overtime, meal period premium, and rest period premium wages, even

27         though they had not been;

28

29

NOTICE OF REMOVAL

CLASS ACTION COMPLAINT

(c)    the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)    the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)    the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

(f)    in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)    by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)    the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e), including actual damages.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under California Code of Civil Procedure § 382.

22.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

NOTICE OF REMOVAL

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

23.    The proposed Class consists of and is defined as:

All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

24.    At all material times, Plaintiff was a member of the Class.

25.    Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

26.    There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)    Numerosity:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no conflicts with or interests antagonistic to any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be

NOTICE OF REMOVAL

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

1    necessarily expended for the prosecution of this action for the substantial

2    benefit of each class member.

3    (d)    Superiority:  A Class Action is superior to other available methods for the

4    fair and efficient adjudication of the controversy, including consideration

5    of:

6    1)    The interests of the members of the Class in individually

7    controlling the prosecution or defense of separate actions;

8    2)    The extent and nature of any litigation concerning the controversy

9    already commenced by or against members of the Class;

10    3)    The desirability or undesirability of concentrating the litigation of

11    the claims in the particular forum; and

12    4)    The difficulties likely to be encountered in the management of a

13    class action.

14    (e)    Public Policy Considerations:  The public policy of the State of California

15    is to resolve the California Labor Code claims of many employees through

16    a class action.  Indeed, current employees are often afraid to assert their

17    rights out of fear of direct or indirect retaliation.  Former employees are

18    also fearful of bringing actions because they believe their former

19    employers might damage their future endeavors through negative

20    references and/or other means.  Class actions provide the class members

21    who are not named in the complaint with a type of anonymity that allows

22    for the vindication of their rights at the same time as their privacy is

23    protected.

24    27.    There are common questions of law and fact as to the Class (and each subclass, if

25    any) that predominate over questions affecting only individual members, including without

26    limitation, whether, as alleged herein, Defendants have:

27    (a)    Failed to pay Class Members for all hours worked, including minimum

28    wages, and overtime wages;

**32**

NOTICE OF REMOVAL

13 9

CLASS ACTION COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

(b)    Failed to provide meal periods and pay meal period premium wages to Class Members;

(c)    Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d)    Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

(e)    Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed;

(f)    Failed to reimburse Class Members for all necessary business expenses; and

(g)    Violated California Business & Professions Code §§ 17200 *et. seq*. as a result of their illegal conduct as described above.

28.    This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a)    The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c)    The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d)    Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

NOTICE OF REMOVAL
14
10

CLASS ACTION COMPLAINT

(f)    Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

    1)    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

    2)    Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

29.    Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action.  The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices.  To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## **FIRST CAUSE OF ACTION**

### **(Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked)**

30.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

31.    "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

32.     At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked.  By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

33.     Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all non-overtime hours worked for Defendants.

34.     By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

35.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

36.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

37.     Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

38.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages.  However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #: 1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

39.     Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

40.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

41.     California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

42.     California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

43.     At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

44.     At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and the Class are regularly required to work overtime hours.

45.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

46.     By failing to keep adequate time records required by Labor Code § 1174(d),

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

36

17    13

NOTICE OF REMOVAL

CLASS ACTION COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #: 1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

47.     Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

48.     California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month.  The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period.  Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

### THIRD CAUSE OF ACTION

### (Against All Defendants for Failure to Provide Meal Periods)

49.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

50.     Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class's sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

51.     Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law.  By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods),

37
NOTICE OF REMOVAL

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

1  Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and

2  the applicable Wage Orders.

3      52.    Under California law, Plaintiff and the Class are entitled to be paid one hour of

4  additional wages for each workday he or she was not provided with all required meal period(s),

5  plus interest thereon.

6                          **FOURTH CAUSE OF ACTION**

7      **(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

8      53.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

9  paragraphs 1 through 20 in this Complaint.

10     54.    Defendants are required by California law to authorize and permit breaks of 10

11 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than

12 two hours).  Section 512 of the California Labor Code, the applicable Wage Orders require that

13 the employer permit and authorize all employees to take paid rest periods of 10 minutes each for

14 each 4-hour period worked.  Thus, for example, if an employee's work time is 6 hours and ten

15 minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so

16 required is itself a violation of California's rest break laws.  It is a violation of Section 226.7 of

17 the California Labor Code for an employer to require any employee to work during any rest

18 period mandated under any Wage Order.

19     55.    Despite these legal requirements, Defendants failed to authorize Plaintiff and the

20 Class to take rest breaks, regardless of whether employees worked more than 4 hours in a

21 workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as

22 alleged above (or due to the fact that Defendants made it impossible or impracticable to take

23 these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of

24 the California Labor Code and the applicable Wage Orders.

25     56.    Under California law, Plaintiff and the Class are entitled to be paid one hour of

26 premium wages rate for each workday he or she was not provided with all required rest break(s),

27 plus interest thereon.

28

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

**FIFTH CAUSE OF ACTION**

**(Against All Defendants for Failure to Indemnify Necessary Business Expenses)**

57.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

58.    Defendants violated Labor Code section 2802 and the IWC Wage Orders, by failing to pay and indemnify the Plaintiff and the Class for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

59.    As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

60.    Plaintiff and the class they represent are entitled to attorney's fees, expenses, and costs of suit pursuant to Labor Code section 2802(c) and interest pursuant to Labor Code section 2802(b).

**SIXTH CAUSE OF ACTION**

**(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

61.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

62.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

63.    Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

1    paid by California Labor Code sections 201 and 202 either at the time of discharge, or within

2    seventy-two (72) hours of their leaving Defendants' employ.

3        64.    Defendants' failure to pay Plaintiff and those Class members who are no longer

4    employed by Defendants their wages earned and unpaid at the time of discharge, or within

5    seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor

6    Code §§ 201 and 202.

7        65.    California Labor Code § 203 provides that if an employer willfully fails to pay

8    wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

9    continue as a penalty wage from the due date, and at the same rate until paid or until an action is

10    commenced; but the wages shall not continue for more than thirty (30) days.

11        66.    Plaintiff and the Class are entitled to recover from Defendants their additionally

12    accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days

13    maximum pursuant to California Labor Code § 203.

14        67.    Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the

15    Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs

16    incurred in this action.

17    **SEVENTH CAUSE OF ACTION**

18    **(Against all Defendants for Failure to Provide and Maintain Accurate and**

19    **Compliant Wage Records)**

20        68.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

21    paragraphs 1 through 20 in this Complaint.

22        69.    At all material times set forth herein, California Labor Code § 226(a) provides that

23    every employer shall furnish each of his or her employees an accurate itemized wage statement

24    in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours

25    worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate

26    if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made

27    on written orders of the employee may be aggregated and shown as one item, (5) net wages

28    earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

1    employee and the last four digits of his or her social security number or an employee

2    identification number other than a social security number, (8) the name and address of the legal

3    entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and

4    the corresponding number of hours worked at each hourly rate by the employee.

5        70.    Defendants have intentionally and willfully failed to provide employees with

6    complete and accurate wage statements.  The deficiencies include, among other things, the

7    failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list

8    the true "total hours worked by the employee," and the failure to list the true net wages earned.

9        71.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff

10    and the Class have suffered injury and damage to their statutorily-protected rights.

11        72.    Specifically, Plaintiff and the members of the Class have been injured by

12    Defendants' intentional violation of California Labor Code § 226(a) because they were denied

13    both their legal right to receive, and their protected interest in receiving, accurate, itemized wage

14    statements under California Labor Code § 226(a).

15        73.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and

16    time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as

17    a result of having to bring this action to attempt to obtain correct wage information following

18    Defendants' refusal to comply with many of the mandates of California's Labor Code and related

19    laws and regulations.

20        74.    Plaintiff and the Class are entitled to recover from Defendants their actual

21    damages caused by Defendants' failure to comply with California Labor Code § 226(a).

22        75.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of

23    attorney's fees and costs to ensure compliance with this section, pursuant to California Labor

24    Code § 226(h).

25                        **EIGHTH CAUSE OF ACTION**

26    **(Against all Defendants for Violation of California Business & Professions Code §§ 17200,**

27                                **et seq.)**

28                                    41
                            NOTICE OF REMOVAL
                                    22 18
                        _____
                            CLASS ACTION COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

76.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

77.     Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

78.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

79.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*.

80.     A violation of California Business & Professions Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, *et seq*.

**Failure to Pay Minimum Wages**

81.     Defendants' failure to pay minimum wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Pay Overtime Wages**

82.     Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Maintain Accurate Records of All Hours Worked**

83.     Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or

NOTICE OF REMOVAL

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

1  unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

2  **Failure to Provide Meal Periods**

3      84.     Defendants' failure to provide meal periods in accordance with California Labor

4  Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or

5  unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

6  **Failure to Authorize and Permit Rest Periods**

7      85.     Defendants' failure to authorize and permit rest periods in accordance with

8  California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful

9  and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

10  **Failure to Indemnify Necessary Business Expenses**

11     86.     Defendants' failure to indemnify employees for necessary business expenses in

12  accordance with California Labor Code § 2802 and the IWC Wage Orders, as alleged above,

13  constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§

14  17200, *et seq*.

15  **Failure to Provide Accurate Itemized Wage Statements**

16     87.     Defendants' failure to provide accurate itemized wage statements in accordance

17  with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity

18  prohibited by California Business & Professions Code §§ 17200, *et seq*.

19     88.     By and through their unfair, unlawful and/or fraudulent business practices

20  described herein, the Defendants, have obtained valuable property, money and services from

21  Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly

22  situated, of valuable rights and benefits guaranteed by law, all to their detriment.

23     89.     Plaintiff and the Class Members suffered monetary injury as a direct result of

24  Defendants' wrongful conduct.

25     90.     Plaintiff, individually, and on behalf of members of the putative Class, is entitled

26  to, and do, seek such relief as may be necessary to disgorge money and/or property which the

27  Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by

28  means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

1    the Class are not obligated to establish individual knowledge of the wrongful practices of

2    Defendants in order to recover restitution.

3        91.    Plaintiff, individually, and on behalf of members of the putative class, are further

4    entitled to and do seek a declaration that the above described business practices are unfair,

5    unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them,

6    from engaging in any of the above-described unfair, unlawful and/or fraudulent business

7    practices in the future.

8        92.    Plaintiff, individually, and on behalf of members of the putative class, have no

9    plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members

10   suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business

11   practices.  As a result of the unfair, unlawful and/or fraudulent business practices described

12   above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and

13   will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained

14   from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

15       93.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth

16   herein above, they will continue to avoid paying the appropriate taxes, insurance and other

17   withholdings.

18       94.    Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff

19   and putative Class Members are entitled to restitution of the wages withheld and retained by

20   Defendants during a period that commences four years prior to the filing of this complaint; a

21   permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

22   Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure §

23   1021.5 and other applicable laws; and an award of costs.

24                               **PRAYER FOR RELIEF**

25       Plaintiff, individually, and on behalf of all others similarly situated only with respect to

26   the class claims, prays for relief and judgment against Defendants, jointly and severally, as

27   follows:

28                           Class Certification
                           NOTICE OF REMOVAL
                             44
                             25    21

_____

                       CLASS ACTION COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #: 1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #: 1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

1. That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

2. That Plaintiff be appointed as the representative of the Class; and

3. That counsel for Plaintiff be appointed as Class Counsel.

As to the First Cause of Action

4. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum wages due;

5. For general unpaid wages as may be appropriate;

6. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7. For liquidated damages;

8. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9. For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11. For general unpaid wages at overtime wage rates as may be appropriate;

12. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14. For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

15. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

16.     For unpaid meal period premium wages as may be appropriate;

17.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19.     For such other and further relief as the Court may deem equitable and appropriate.

<div align="center">As to the Fourth Cause of Action</div>

20.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21.     For unpaid rest period premium wages as may be appropriate;

22.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

24.     For such other and further relief as the Court may deem equitable and appropriate.

<div align="center">As to the Fifth Cause of Action</div>

25.     That the Court declare, adjudge and decree that Defendants violated Labor Code § 2802 and the IWC Wage Orders;

26.     For general unpaid wages and reimbursement of business expenses as may be appropriate;

27.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

28.     For reasonable attorneys' fees and for costs of suit incurred herein; and

29.     For such other and further relief as the Court may deem equitable and appropriate.

<div align="center">As to the Sixth Cause of Action</div>

30.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

<div align="center">46</div>

<div align="center">NOTICE OF REMOVAL</div>
27   23

---

<div align="center">CLASS ACTION COMPLAINT</div>

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #: 1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

31.    For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

32.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

33.    For reasonable attorneys' fees and for costs of suit incurred herein; and

34.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Seventh Cause of Action</u>

35.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

36.    For penalties and actual damages pursuant to California Labor Code § 226(e);

37.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

38.    For reasonable attorneys' fees and for costs of suit incurred herein; and

39.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Eighth Cause of Action</u>

40.    That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq*. by failing to pay wages for all hours worked (including minimum and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to maintain accurate records of all hours worked and meal periods, failing to furnish accurate wage statements, and failing to indemnify necessary business expenses;

41.    For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

42.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq*.;

47

NOTICE OF REMOVAL

<u>28</u>

CLASS ACTION COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

43.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to
California Code of Civil Procedure § 1021.5;

44.     For injunctive relief to ensure compliance with this section, pursuant to California
Business & Professions Code §§ 17200, *et seq.*; and,

45.     For such other and further relief as the Court may deem equitable and appropriate.

### As to all Causes of Action

46.     For any additional relief that the Court deems just and proper.


Dated: July 3, 2022                         Respectfully submitted,

                                            MOON & YANG, APC

                                    By: _____
                                            Kane Moon
                                            Lilit Tunyan
                                            Attorneys for Plaintiff




### **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all causes of action triable by jury.


Dated: July 3, 2022                         MOON & YANG, APC

                                    By: _____
                                            Kane Moon
                                            Lilit Tunyan
                                            Attorneys for Plaintiff

NOTICE OF REMOVAL
29  25

CLASS ACTION COMPLAINT

CASE #:56-2022-00567633-CU-OE-VTA RECEIPT #:1220708D102105 DATE PAID : 07/8/22 3:17 PM TOTAL : 1,435.00 TYPE : EFT

# EXHIBIT B

NOTICE OF REMOVAL

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Kane Moon (SBN 249834), Lilit Tunyan (SBN 329351)<br>Moon and Yang, APC<br>1055 W. Seventh Street, Suite 1880<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213-232-3128   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: kane.moon@moonyanglaw.com, lilit.tunyan@moonyanglaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff: Samantha Kevin Green | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Ventura
STREET ADDRESS: 800 South Victoria Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura, CA 93009
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: Kevin Green

DEFENDANT/RESPONDENT: DCOR, LLC

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>56-2022-00567633-CU-OE-VTA |
|---|---|

TO *(insert name of party being served)*: DCOR, LLC, a limited liability company c/o David C. McDermott

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 07/20/2022

Janelle Jickain
(TYPE OR PRINT NAME)    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:
Civil Case Cover Sheet
ADR Packet
Notice of Case Assignment and Mandatory Appearance
Minute Order
Notice of Change of Track Assignment - Complex Case

*(To be completed by recipient):*

Date this form is signed: 7-20-2022

David C. McDermott / DCOR, LLC
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**
NOTICE OF REMOVAL

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**PROOF OF SERVICE**

STATE OF CALIFORNIA                    )
                                       ) ss
COUNTY OF LOS ANGELES                  )

      I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 W. 7th Street, Suite 1880, Los Angeles, California 90017. On **July 20, 2022**, I served the foregoing document described as:

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

X__  by placing ___ the original  X__  a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**DCOR, LLC**
David McDermott
dmcdermott@dcorllc.com
1000 Town Center Dr.Suite 600
Oxnard, CA  93036
Direct: 805-535-2073
Fax:    805-535-2073

[✓] **BY E-MAIL**: I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[✓] **BY U.S. MAIL**: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed this **July 20, 2022,** at Los Angeles, California.

_____Janelle Jickain_____                    _____
Type or Print Name                             Signature

51
NOTICE OF REMOVAL

PROOF OF SERVICE

# EXHIBIT C

NOTICE OF REMOVAL

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kane Moon (SBN 249834) Lilit Tunyan (SBN 329351)<br>MOON & YANG APC<br>1055 W. 7th Street, Suite 1880<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213-232-3128    FAX NO. *(Optional):* 213-232-3125<br>E-MAIL ADDRESS: kane.moon@moonyanglaw.com lilit.tunyan@moonya<br>ATTORNEY FOR *(Name):* Plaintiff: Kevin Green | **Electronically FILED**<br>by Superior Court of California<br>County of Ventura<br>07/07/2022<br>Brenda L. McCormick<br>Executive Officer and Clerk<br>*M Suazo*<br>Mariana Suazo<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Ventura
STREET ADDRESS: 800 South Victoria Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura, CA 93009
BRANCH NAME: Hall of Justice

CASE NAME: Green v. DCOR, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 56-2022-00567633-CU-OE-VTA<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☒ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☒ Large number of separately represented parties
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☒ Substantial amount of documentary evidence
   d. ☒ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☒ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify):* 8
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/6/2022

Kane Moon ▶ *(signature)*

(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

53
NOTICE OF REMOVAL
34

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

*CEB Essential Forms*
ceb.com

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

Ventura Superior Court Accepted through eDelivery submitted 07-07-2022 at 11:52:43 AM

NOTICE OF REMOVAL

CM-010 [Rev. September 1, 2021]



**CIVIL CASE COVER SHEET**

# EXHIBIT D

# MOON & YANG, APC

### ATTORNEYS AT LAW
WWW.MOONYANGLAW.COM

1055 W. SEVENTH ST., SUITE 1880
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 232-3128
FACSIMILE: (213) 232-3125

Kane Moon, Esq.
Kane.Moon@moonyanglaw.com

July 4, 2022

**VIA ONLINE SUBMISSION**
Labor & Workforce Development Agency
Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612

**VIA CERTIFIED MAIL**
DCOR, LLC
8401 N. Central Expy, Suite 525
Dallas, TX 75225

### Notice of Labor Code Violations and PAGA Penalties

Re:    *Kevin Green v. DCOR, LLC*

To Whom It May Concern:

Please be advised that my office has been retained by Kevin Green ("Plaintiff") to pursue a Labor Code Private Attorney General Act (PAGA) representative action (Cal. Lab. Code §§ 2699, *et seq.*) against his former employer, DCOR, LLC ("Defendant"). The purpose of this letter is to comply with PAGA and set forth the facts and theories of California Labor Code violations which we allege Defendant engaged in with respect to Plaintiff and all of Defendant's aggrieved employees.

Plaintiff wishes to pursue a PAGA representative action on behalf of Plaintiff as an aggrieved employee, on behalf of the State of California, and on behalf of all other current and former aggrieved employees who worked for Defendant in California as an hourly paid, non-exempt employee at any time within the applicable statutory period (hereafter, the "Aggrieved Employees").

Plaintiff and the Aggrieved Employees of Defendant suffered the Labor Code violations described below.

### Factual Background Regarding Plaintiff's Employment with Defendant

Defendant owns and operates an industry, business, and establishment within the State of California, including Ventura County. As such, Defendantis subject to the California Labor Code and the Wage Orders issued by the Industrial Welfare Commission ("IWC").

LWDA
*Notice of Labor Code Violations and PAGA*
July 4, 2022
Page 2 of 9

Plaintiff worked for Defendant as an operator safety technician from approximately March 2021 to January 2022, primarily in Ventura County. Defendant classified Plaintiff as non-exempt from overtime. During the time period that Plaintiff was employed by Defendant, Plaintiff typically worked 5 to 6 days per week, and in excess of 8 hours each workday.

Throughout Plaintiff's employment, Defendant committed numerous labor code violations under state law. As discussed below, Plaintiff's experience working for Defendant was typical and illustrative.

**<u>Failure to Pay for All Hours Worked, Including Overtime</u>**

Under California law, an employer must pay for all hours worked by an employee. "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

In addition, Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

Labor Code §§ 1194 and 1198 also provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Aggrieved Employees for all hours worked, including all overtime wages. Plaintiff and the Aggrieved Employees received non-discretionary bonuses and other remuneration. However, Defendants failed to incorporate all remuneration when calculating the overtime rate of pay, meal and rest break rate of pay, and sick pay rate of pay. Also throughout the statutory period, Plaintiff and the Aggrieved Employees worked off the clock, and uncompensated. For example, Plaintiff and the Aggrieved Employees performed off the clock work, including performing paperwork while off the clock, uncompensated. Also Plaintiff and the Aggrieved Employees were occasionally required to be on-call, but they were not properly paid for this time. In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the Aggrieved Employees worked.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code §§ 210, 558, 1197.1, and 2699(f)(2) for failing to pay for all hours worked, including overtime.

NOTICE OF REMOVAL

MOON & YANG, APC        1055 W. Seventh St., Ste. 1880, Los Angeles, CA 90017        www.moonyanglaw.com

LWDA
*Notice of Labor Code Violations and PAGA*
July 4, 2022
Page 3 of 9

## Failure to Provide Meal Periods

Under California law, employers have an affirmative obligation to relieve employees of all duty in order to take their first 30-minute, duty-free meal periods no later than the start of sixth hour of work in a workday, and to allow employees to take their second 30-minute, duty-free meal period no later than the start of the eleventh hour of work in the workday.  Further, employees are entitled to be paid one hour of additional wages for each workday they were not provided with all required meal period(s).

Despite these legal requirements, Defendant wrongfully failed to provide Plaintiff and the Aggrieved Employees with legally compliant meal periods.  Defendant regularly required Plaintiff and the Aggrieved Employees to work in excess of five consecutive hours a day without providing a 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Aggrieved Employees for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work.  Defendant did not adequately inform Plaintiff and the Aggrieved Employees of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work.  Moreover, Defendant did not have adequate written policies or practices providing meal periods for Plaintiff and the Aggrieved Employees, nor did Defendant have adequate policies or practices regarding the timing of meal periods.  Defendant also did not have adequate policies or practices to verify whether Plaintiff and the Aggrieved Employees were taking their required meal periods.  Accordingly, Defendant's policy and practice was to not provide meal periods to Plaintiff and the Aggrieved Employees in compliance with California law.

Plaintiff and the Aggrieved Employees are thus entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s).  Defendant, however, regularly failed to pay Plaintiff and the Aggrieved Employees the additional wages to which they were entitled for meal periods and that were not provided.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code §§ 210, 558, and 2699(f)(2) for failing to provide meal periods and pay meal period premium wages.

## Failure to Authorize and Permit Rest Periods

Employers are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours).  Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.

LWDA
*Notice of Labor Code Violations and PAGA*
July 4, 2022
Page 4 of 9

Defendant, however, wrongfully failed to authorize and permit Plaintiff and the Aggrieved
Employees to take timely and duty-free rest periods. Defendant regularly required Plaintiff and
the Aggrieved Employees to work in excess of four consecutive hours a day without Defendant
authorizing and permitting them to take a 10 minute, continuous and uninterrupted, rest period
for every four hours of work (or major fraction of four hours), or without compensating Plaintiff
and the Aggrieved Employees for rest periods that were not authorized or permitted. Defendant
did not adequately inform Plaintiff and the Aggrieved Employees of their right to take a rest
period. Moreover, Defendant did not have adequate policies or practices permitting or
authorizing rest periods for Plaintiff and the Aggrieved Employees, nor did Defendant have
adequate policies or practices regarding the timing of rest periods. Defendant also did not have
adequate policies or practices to verify whether Plaintiff and the Aggrieved Employees were
taking their required rest periods. Further, Defendant did not maintain accurate records of
employee work periods, and therefore Defendant cannot demonstrate that Plaintiff and the
Aggrieved Employees took rest periods during the middle of each work period. Accordingly,
Defendant's policy and practice was for Plaintiff and the Aggrieved Employees to work through
rest periods and to not authorize or permit them to take any rest periods.

Plaintiff and the Aggrieved Employees are thus entitled to be paid one hour of additional wages
for each workday he or she was not authorized and permitted to take all required rest period(s).
Defendant, however, regularly failed to pay Plaintiff and the Aggrieved Employees the
additional wages to which they were entitled for rest periods and that they were not authorized
and permitted to take.

As a result, Defendant are liable to Plaintiff and the Aggrieved Employees for the civil penalties
provided for in Labor Code §§ 210, 558, and 2699(f)(2) for failing to authorize and permit rest
periods and pay rest period premium wages.

**<u>Failure to Maintain Accurate Records of Hours Worked and Meal Periods</u>**

Plaintiff seeks penalties under Labor Code § 1174(d). Pursuant to Labor Code § 1174.5, any
person, including any entity, employing labor who willfully fails to maintain accurate and
complete records required by Labor Code § 1174 is subject to a penalty under § 1174.5.
Pursuant to the applicable IWC Order § 7(A)(3), every employer shall keep time records
showing when the employee begins and ends each work period. Meal periods and total hours
worked daily shall also be recorded.

Defendant, however, failed to maintain accurate records of hours worked and all meal periods
taken or missed by Plaintiff and the Aggrieved Employees.

Defendant's failure to provide and maintain records required by the Labor Code IWC Wage
Orders deprived Plaintiff and the Aggrieved Employees the ability to know, understand and

MOON & YANG, APC        1055 W. Seventh St., Ste. 1880, Los Angeles, CA 90017        www.moonyanglaw.com
NOTICE OF REMOVAL

LWDA
*Notice of Labor Code Violations and PAGA*
July 4, 2022
Page 5 of 9

question the accuracy and frequency of meal periods, and the accuracy of their hours worked stated in Defendant's records. Therefore, Plaintiff and the Aggrieved Employees had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendant. As a direct result, Plaintiff and the Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendant to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial. As a result of Defendant's knowing failure to comply with the Labor Code and applicable IWC Wage Orders, Plaintiff and the Aggrieved Employees have also suffered an injury in that they were prevented from knowing, understanding, and disputing the wage payments paid to them.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 1174.5 for failing to maintain accurate records of hours worked and meal periods.

## Failure to Reimburse and Indemnify Expenses

California Labor Code § 2802 requires employers to reimburse employees for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of the employer.

Throughout the statutory period, Defendant wrongfully required Plaintiff and the Aggrieved Employees to pay expenses that they incurred in direct discharge of their duties for Defendant without reimbursement, which included the purchase of masks locker locks, sheets, soap and towels. Also, Plaintiff and the Class were required to use their own personal cellular telephones for work purposes, without reimbursement. Plaintiff and the Aggrieved Employees incurred these substantial expenses as a direct result of performing their job duties for Defendant, and Defendant has failed to indemnify Plaintiff and the Aggrieved Employees for these employment-related expenses.

## Failure to Pay All Accrued Vacation Wages at Termination

Labor Code § 227.3 requires employers to pay employees for all unused vested vacation time at their final rate of pay upon termination of their employment.

During the statutory period, Defendant maintained a policy and practice of failing to pay Plaintiff and the Aggrieved Employees the correct amount of vacation pay owed at the termination of employment. For instance, when Plaintiff's employment with Defendant terminated, he was owed vacation wages at his true final wage rate on his final pay check from Defendant even though he had accrued unused vacation time. On information and belief, Defendant's failure to

LWDA
*Notice of Labor Code Violations and PAGA*
July 4, 2022
Page 6 of 9

pay Plaintiff the correct amount of vacation pay was not a single, isolated incident, but was instead part of Defendant's policy and practice that applied to the Aggrieved Employees.

As a result, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 2699(f)(2) for failing to pay all accrued vacation wages at termination.

<u>**Failure to Timely Pay All Wages at Termination**</u>

Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

Within the applicable statute of limitations, the employment of Plaintiff and many other Aggrieved Employees ended, i.e. was terminated by quitting or discharge, and the employment of others will be. However, during the relevant time period, Defendant failed, and continues to fail to pay Plaintiff and terminated Aggrieved Employees, without abatement, all wages required to be paid by Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ. These unpaid wages include wages for unpaid work time (including minimum and straight time wages), missed meal periods, and missed rest periods.

Defendant'sconduct violates Labor Code §§ 201 and 202.Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

Accordingly, Plaintiff and the Aggrieved Employees are entitled to recover from Defendant their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to Labor Code § 203.

Moreover, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 2699(f)(2) for failing to timely pay all wages at termination.

<u>**Failure to Furnish Accurate Itemized Wage Statements**</u>

Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1)

LWDA
*Notice of Labor Code Violations and PAGA*
July 4, 2022
Page 7 of 9

gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. An employee is presumed to suffer an injury if this information is missing. (Lab. Code § 226(e)(2)(B)(iii).)

The statute further provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." (Lab. Code § 226(e)(1).)

Defendant intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify hourly rates, the failure to correctly list gross wages earned, and the failure to list the true net wages earned, including wages for meal periods that were not provided in accordance with California law, wages for rest periods that were not authorized and permitted to take in accordance with California law, and correct wages earned for all hours worked.

As a result of Defendant violating Labor Code § 226, Plaintiff and similarly Aggrieved Employees suffered injury and damage to their statutorily protected rights.

Accordingly, Plaintiff and similarly Aggrieved Employees are entitled to recover from Defendantthe greater of their actual damages caused by Defendant's failure to comply with Labor Code § 226(a), or an aggregate penalty not exceeding $4,000 dollars per employee.

Moreover, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 226.3 for failing to furnish accurate itemized wage statements.

## **Failure to Pay All Earned Wages Twice Per Month**

Based on its failure to pay Plaintiff and the Aggrieved Employees for all wages as discussed above, Defendant also violated Labor Code § 204.

Labor Code § 204 requires employers to pay employees all earned wages two times per month. Throughout the statute of limitations period applicable to this cause of action, employees were

LWDA
*Notice of Labor Code Violations and PAGA*
July 4, 2022
Page 8 of 9

entitled to be paid twice a month at their regular rates, including all meal period premium wages owed, rest period premium wages owed, and wages owed for hours worked. However, during all such times, Defendant systematically failed and refused to pay the employees all wages due, and failed to pay those wages twice a month, in that employees were not paid all wages for all meal periods not provided by Defendant, all wages for all rest periods not authorized and permitted by Defendant, and all wages for all hours worked. As a result, Defendant owes employees the legally required wages for unpaid wages, and Plaintiff and the Aggrieved Employees suffered damages in those amounts.

Moreover, Defendant is liable to Plaintiff and the Aggrieved Employees for the civil penalties provided for in Labor Code § 210 for failing to pay all earned wages twice per month.

## Action for Civil Penalties Under PAGA

In light of the above, Plaintiff alleges that Defendant violated the following provisions of the Labor Code with respect to the Aggrieved Employees:

1.  Labor Code § 204, 510, 1194, 1197, and 1198 by failing to pay for all hours worked, including minimum wages, straight time wages and overtime wages;

2.  Labor Code § 226.7, 512 and applicable Wage Orders by failing to provide meal periods;

3.  Labor Code § 226.7 and applicable Wage Orders by failing to authorize and permit rest periods;

4.  Labor Code § 1174.5 and applicable Wage Orders by failing to maintain accurate records of hours worked and meal periods taken or missed;

5.  Labor Code § 2802 by failing to reimburse and indemnify employees for expenses and losses in the direct consequence and discharge of their duties;

6.  Labor Code § 227.3 by failing to pay all vacation wages at termination;

7.  Labor Code §§ 201 to 203 by willfully failing to pay all wages owed at termination;

8.  Labor Code § 226 by failing to provide accurate itemized wage statements; and

9.  Labor Code § 204 by failing to pay all earned wages two times per month.

Therefore, on behalf of all Aggrieved Employees, Plaintiff seeks applicable penalties related to the violations alleged above pursuant to the PAGA. These include, but are not limited to, penalties under Labor Code §§ 210, 226.3, 558, 1174.5, 1197.1, 2802, and 2699(f)(2).

LWDA
*Notice of Labor Code Violations and PAGA*
July 4, 2022
Page 9 of 9

Plaintiff has placed Defendant on notice by mailing a certified copy of this correspondence to itscorporate address, as indicated on the first page.

Thank you for your attention to this matter.  If you have any questions, please do not hesitate to contact me.

Sincerely,

MOON & YANG, APC

Kane Moon, Esq.
*Attorney at Law*

# EXHIBIT E

NOTICE OF REMOVAL

1 | **LightGabler**
By:  Chandra A. Beaton (State Bar #225787)
2 |       Kathleen M. Fellows (State Bar #277139)
760 Paseo Camarillo, Suite 300
3 | Camarillo, CA 93010
(805) 248-7208
4 | (805) 248-7209 (fax)

5 | cbeaton@lightgablerlaw.com
kfellows@lightgablerlaw.com
6 |
Attorneys for Defendant
7 | DCOR, LLC

8 | ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | ### COUNTY OF VENTURA

10 | KEVIN GREEN, individually, and on behalf of all others similarly situated,

Case No.   56-2022-00567633-CU-OE-VTA

11 |                                        Plaintiff,

**NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF THIS ACTION TO FEDERAL COURT**

12 |         vs.

13 | DCOR, LLC, a limited liability company; and DOES 1 through 10, inclusive,

Complaint Filed:   July 7, 2022
Assigned To:    Hon. Ronda McKaig
Department:    41

14 |

15 |

16 |                                        Defendants.

Trial Date:  Not set.

17 |

18 |     TO THE HONORABLE COURT, THE CLERK OF THE VENTURA COUNTY

19 | SUPERIOR COURT, PLAINTIFF, AND ALL ATTORNEYS OF RECORD:

20 |     **NOTICE IS HEREBY GIVEN** that:

21 |     1.     On August 19, 2022, Defendant DCOR, LLC, through its attorneys, Chandra

22 | A. Beaton, Esq. and Kathleen M. Fellows, Esq. of LightGabler, filed in the United States

23 | District Court for the Central District of California a Notice of Removal of Civil Action of the

24 | above-captioned matter.  Attached hereto as **Exhibit "A"** is a true and correct copy of the

25 | Notice of Removal of Civil Action filed with the Federal Court.

26 | / / /

27 | / / /

28 | / / /

<div align="center">

66

NOTICE OF REMOVAL
</div>

#1133659 | NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL OF THIS ACTION TO FEDERAL COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: August 19, 2022                **LightGabler**

                              By: _____
                                  Chandra A. Beaton
                                  Kathleen M. Fellows
                                  Attorneys for Defendant
                                  DCOR, LLC

NOTICE OF REMOVAL

#1133659          NOTICE TO STATE COURT AND ADVERSE PARTIES OF
                 REMOVAL OF THIS ACTION TO FEDERAL COURT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF VENTURA

     I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action; my business address is: 760 Paseo Camarillo, Suite 300, Camarillo, California 93010.

     On August 19, 2022, I served the foregoing document described as **NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF THIS ACTION TO FEDERAL COURT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Kane Moon | *Attorneys for Plaintiff* |
| Lilit Tunyan | |
| Moon & Yang, APC | Phone: (213) 232-3128 |
| 1055 W. Seventh St., Suite 1880 | Email:  kane.moon@moonyanglaw.com |
| Los Angeles, CA 90017 | Lilit.tunyan@moonyanglaw.com |

☒    **BY MAIL**

    ☐  I deposited such envelope in the mail at Camarillo, California. The envelope was mailed with postage thereon fully prepaid.

    ☒  I caused such envelope to be deposited in the mail at Camarillo, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Camarillo, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on August 19, 2022, at Camarillo, California.

_____
\*\*\*

68
NOTICE OF REMOVAL

# EXHIBIT F

NOTICE OF REMOVAL

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF VENTURA

**800 South Victoria Avenue**
**Ventura , CA 93009**
**(805) 289-8525**
**WWW.VENTURA.COURTS.CA.GOV**

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: **56-2022-00567633-CU-OE-VTA**

Your case has been assigned for all purposes to the judicial officer indicated below.
**A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.**

| ASSIGNED JUDICIAL OFFICER | COURT  LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Ronda McKaig | Ventura | 41 |

| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
|---|---|---|
| **EVENT DATE** | **EVENT TIME** | **EVENT DEPT/ROOM** |
| 07/17/2023 | 08:15 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

**APPEARANCE AT THE ABOVE HEARING IS MANDATORY.**
**Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties.  If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).**
**If proof of service and/or request for entry of default have not been filed:  At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed  (CCP 177.5, Local Rule 3.17).**

**Advance Jury Fee Requirement**

At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department.  Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**

Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670.  In addition, see Local Rule 7.01 regarding notice to the teleconference provider.  The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date:  07/08/2022

Clerk of the Court,

By:  *MSuazo*

Mariana  Suazo,  Clerk

VEN-FNR082

NOTICE OF REMOVAL

70
51

# EXHIBIT G

NOTICE OF REMOVAL

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF VENTURA**
**VENTURA**

**MINUTE ORDER**

DATE: 07/12/2022        TIME: 01:13:00 PM     DEPT: 40

JUDICIAL OFFICER PRESIDING: Ronda McKaig
CLERK: Tammy Brantner
REPORTER/ERM:

CASE NO: **56-2022-00567633-CU-OE-VTA**
CASE TITLE: **Green vs. DCOR LLC**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

**APPEARANCES**

---

NATURE OF PROCEEDINGS: COMPLEX CASE/CLASS ACTION DESIGNATION

The court hereby grants the plaintiff's request to classify this case as a complex case and class action lawsuit. A case management conference re Complex Case/Class Action Designation is scheduled for October 14, 2022, at 8:30 a.m. in Department 41 with Hon. Ronda J. McKaig.

A joint case management statement is to be filed no later than 10 days prior to the hearing.

In person appearances are permitted, although Courtcall is encouraged. Please contact Courtcall directly no later than 4:30 p.m. the court day prior to arrange.

Counsel for plaintiff is to give notice of this order to all subsequently appearing parties.

---

DATE: 07/12/2022        NOTICE OF REMOVAL    MINUTE ORDER        Page 1
DEPT: 40        53

VEN-FNR-10.03

# EXHIBIT H

NOTICE OF REMOVAL

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:   800 South Victoria Avenue<br>MAILING ADDRESS:   800 South Victoria Avenue<br>CITY AND ZIP CODE: Ventura, CA 93009<br>BRANCH NAME:       Ventura | *VENTURA SUPERIOR COURT*<br>**FILED**<br>Brenda L. McCormick<br>Executive Officer and Clerk |
| PLAINTIFF:<br>Kevin Green | |
| DEFENDANT:<br>DCOR LLC | |
| CASE TITLE:<br>Green vs. DCOR LLC | **07/13/2022** |
| **NOTICE OF CHANGE OF TRACK ASSIGNMENT - COMPLEX CASE** | CASE NUMBER:<br>56-2022-00567633-CU-OE-VTA |

The above-entitled case has been designated a Complex Case and is assigned to the Ventura Superior Court Complex Track.

A **Case Management Conference** has been set for 10/14/2022 at 08:30 AM in Department 41 of the above named court. All named defendants must be timely served by plaintiff. All anticipated pretrial events will be calendared at this Case Management Conference. Plaintiff's counsel is ordered to give notice to all named parties within 30 days of this hearing.

The court requires that the parties file a Joint Complex Case Status Report, in pleading format, setting forth the following:

1. A brief summary of the case;
2. All anticipated discovery and estimated completion dates;
3. If monetary damages are sought, the estimated amount of such damages;
4. Whether or not a document repository will be required;
5. The estimated date by which all new parties are to be brought in;
6. The estimated date by which the case will be "at issue";
7. Estimated dates by which site inspections and destructive testing, if any, are to be accomplished;
8. The need for appointment of discovery referee and/or mediators;
9. Any other information the parties believe will be of use to the court in this conference.

The Joint Complex Status Report must be filed with the court at least 5 CALENDAR DAYS PRIOR to the hearing date.

Failure to appear and/or comply with this notice may result in the imposition of sanctions, including but not limited to, dismissal of your case.

See California Rules of Court Rule 3.670 regarding telephonic appearances. In addition, see Local Rule 7.01 regarding notice to the teleconference provider and requirement of an extra copy of title page or notice for the court clerk. The court, through CourtCall Service, will contact all parties and counsel prior to the hearing.

Note: Pursuant to Government Code Section 70616, in addition to the first appearance fee, a complex case fee shall be paid on behalf of each party at the time that party files its first paper in the case.

For questions, please call (805) 289-8532.

Clerk of the Court,

Dated:    07/13/2022                                    By:  _____

                                                              Cindy  Macias,  Clerk

VEN-FNR078                                                                              Page: 1

**NOTICE OF CHANGE OF TRACK ASSIGNMENT - COMPLEX CASE**

74

NOTICE OF REMOVAL

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| **Green vs. DCOR LLC** | **56-2022-00567633-CU-OE-VTA** |

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause. I certify that a true copy of the **NOTICE OF CHANGE OF TRACK ASSIGNMENT - COMPLEX CASE** was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at <u>Ventura</u>, California, on <u>07/13/2022</u>.

Clerk of the Court,

By: _____

Cindy Macias, Clerk

KANE MOON
1055 WEST SEVENTH STREET
# SUITE 1880
LOS ANGELES, CA 90017

**NOTICE OF CHANGE OF TRACK ASSIGNMENT - COMPLEX CASE**

## NOTICE OF REMOVAL

# EXHIBIT I

NOTICE OF REMOVAL

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF VENTURA

Return to Search Page

# Case Information

| | |
|---|---|
| **Case Number:** | 56-2022-00567633-CU-OE-VTA |
| **Case Title:** | Kevin Green vs. DCOR LLC |
| **Case Category:** | Civil - Unlimited |
| **Filed Date:** | 7/7/2022 |
| **Case Type:** | Other employment |
| **Case Status:** | Pending |
| **Location:** | Ventura |

# Participants

| Name | Filing Document | Role | Attorney | Filed By |
|---|---|---|---|---|
| DCOR LLC | Complaint | Defendant | | Green, Kevin |
| Green, Kevin | Complaint | Plaintiff | Moon, Kane | Green, Kevin |

# Past Events

No past event information found

# Future Events

| Event Type | Description | Event Status | Event Date | Event Time | Location | Department |
|---|---|---|---|---|---|---|
| CMC: Complex Track | and class action designation | SCHEDULED | 10/14/2022 | 8:30 AM | Ventura | 41 |

77
NOTICE OF REMOVAL

| Event Type | Description | Event Status | Event Date | Event Time | Location | Department |
|---|---|---|---|---|---|---|
| MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | | SCHEDULED | 7/17/2023 | 8:15 AM | Ventura | 22B |

# Register of Actions

| ROA # | Entry Date | Entry |
|---|---|---|
| 14 | 7/28/2022 | Proof of Service of 30-Day Summons & Complaint - Acknowledgement and Receipt (Served David C. McDermott - General Counsel) filed by Green, Kevin on 07/28/2022. |
| 13 | 7/25/2022 | Proof of Service of 30-Day Summons & Complaint - Acknowledgement and Receipt submitted by Green, Kevin rejected on 07/25/2022. |
| 12 | 7/21/2022 | Proof of Service of 30-Day Summons & Complaint - Acknowledgement and Receipt submitted by Green, Kevin rejected on 07/21/2022. |
| 11 | 7/13/2022 | Designated a complex action on 07/13/2022. |
| 10 | 7/13/2022 | Designated as an exceptional action on 07/13/2022. |
| 9 | 7/13/2022 | Designated class action on 07/13/2022. |
| 8 | 7/12/2022 | Minutes finalized for heard 07/12/2022 01:13:00 PM. |
| 7 | 7/7/2022 | Summons issued on 07/07/2022. |
| 5 | 7/8/2022 | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default - scheduled for 07/17/2023 at 08:15:00 AM in 22B at Ventura. |
| 3 | 7/7/2022 | Case assigned to Department 41. |
| 2 | 7/7/2022 | Civil Case Cover Sheet filed by Green, Kevin on 07/07/2022. |
| 1 | 7/7/2022 | Complaint filed by Green, Kevin on 07/07/2022. Filed By: Green, Kevin(Plaintiff) Refers To: DCOR LLC(Defendant) |

# Case Documents

| Event Type | Event Date | Event Time | Department | Document |
|---|---|---|---|---|
| | 7/12/2022 | 1:13 PM | 40 | Minutes |

78
NOTICE OF REMOVAL                    Superior Court of California, Ventura County

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA

      I am employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 760 Paseo Camarillo, Suite 300, Camarillo, California  93010.

      On August 19, 2022, I served the foregoing document described as **DEFENDANT DCOR, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1367, 1441, 1446, AND 43 U.S.C. § 1331, ET SEQ.** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Kane Moon                *Attorneys for Plaintiff*
Lilit Tunyan
Moon & Yang, APC       Phone:   (213) 232-3128
1055 W. Seventh St.      Email:    kane.moon@moonyanglaw.com
Suite 1880                        Lilit.tunyan@moonyanglaw.com
Los Angeles, CA 90017

☑     **BY MAIL**

    ☐  I deposited such envelope in the mail at Camarillo, California.  The envelope was mailed with postage thereon fully prepaid.

    ☑  I caused such envelope to be deposited in the mail at Camarillo, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Camarillo, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☑  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on August 19, 2022, at Camarillo, California.

                     /s/ Maria E. Russell
                     MARIA E. RUSSELL