**LightGabler**
By: Chandra A. Beaton (State Bar #225787)
      Kathleen M. Fellows (State Bar #277139)
760 Paseo Camarillo, Suite 300
Camarillo, CA 93010
(805) 248-7208
(805) 248-7209 (fax)

cbeaton@lightgablerlaw.com
kfellows@lightgablerlaw.com

Attorneys for Defendant
DCOR, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GREEN, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> DCOR, LLC, a limited liability company; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:22-CV-05916 RGK (Ex) <br><br> District Judge:   R. Gary Klausner <br> Courtroom:         850 <br> Magistrate Judge: Charles F. Eick <br><br> Complaint Filed:  July 7, 2022 <br> Notice of Removal Filed: August 19, 2022 <br><br> **DEFENDANT'S RESPONSE IN SUPPORT OF APPLICATION TO CLERK TO TAX COSTS** |

Defendant DCOR, LLC ("Defendant") hereby submits its Response to Plaintiff Kevin Green's ("Plaintiff") Objections to Defendant's Application to Clerk to Tax Costs (Document 21) ("Objections") as follows:

### I.     DEFENDANT SHOULD RECOVER ITS COSTS FROM PLAINTIFF

The Court has discretion to award costs to Defendant following a voluntary dismissal with or without prejudice and should do so here.  Federal Rule of Civil Procedure, Rule 54(d) creates a presumption in favor of a costs award to Defendant, and requires the district court to state its reasons for refusal. (*Cantrell v. International Broth. of Electrical Workers, AFL-CIO, Local 2021*

(10th Cir. 1995) 69 F3d 456, 459] G. Voluntary Dismissals, Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 16-G.)

Defendant should recover its costs from Plaintiff for the following reasons:

a. Plaintiff signed a binding and enforceable Arbitration Agreement with class action waiver on March 12, 2021. (Confirmed by Plaintiff's counsel in Document 18-1, Declaration of Lilit Tunyan, Page ID #184, lns. 25-28.) Plaintiff knew that he had previously agreed to arbitrate the claims at issue when he signed the agreement and before he ever caused his counsel to file a lawsuit against Defendant in state court.

b. Plaintiff's personnel file, including the Arbitration Agreement, was produced to his prior counsel, Abramson Labor Group, well before the Complaint in the above-entitled action was ever filed. Not only did Plaintiff himself know that he agreed to arbitrate his claims, but his prior counsel also knew. Both of these points were raised to Plaintiff's current counsel through meet and confer correspondence regarding the costs at issue. Notably, in the Opposition, Plaintiff's counsel does not deny that Plaintiff or his other counsel knew about the Arbitration Agreement. The Opposition only states that Plaintiff's current counsel was unaware of the existence of an Arbitration Agreement until after the instant Complaint was filed.

c. On August 17, 2022, Defendant's counsel emailed the Arbitration Agreement to Plaintiff's current counsel, Lilit Tunyan, and counsel also discussed the Arbitration Agreement in a call that day.

d. On August 19, 2022, Plaintiff's counsel responded to discuss the arbitrability of PAGA claims, but PAGA was not alleged in the Complaint at issue; only class and individual claims. Plaintiff's counsel did not request dismissal of the Complaint at that time.

/ / /

#1151419   DEFENDANT'S RESPONSE IN SUPPORT OF
APPLICATION TO CLERK TO TAX COSTS

e. In the Objections (Document 21, Page ID # 198, lns. 24-27, Page ID # 199, lns. 1-5), Plaintiff's counsel confirms that she had received the Arbitration Agreement and believed it to be enforceable as to Plaintiff's class and individual claims <u>before</u> Defendant's deadline to file a Notice of Removal. Plaintiff did not request a dismissal of the individual and class action claims at that time, however. Accordingly, Defendant was forced to file the Notice of Removal on time or risk losing the right to do so.

f. Defendant could have avoided expending unnecessary out-of-pocket costs if: (1) Plaintiff never filed a civil complaint for claims he had expressly agreed to arbitrate in the first place; or (2) a request to dismiss the class and individual claims would have been promptly filed before the Notice of Removal was due.

g. Not only did Defendant have to file the Notice of Removal, but it also had to file an Answer one week later pursuant to the FRCP.

h. The Application for Dismissal was not filed until September 16, 2022, after Defendant had already incurred costs, even though there was no dispute as to the arbitrability of the class and individual claims.

## II. PLAINTIFF'S FOCUS ON CALIFORNIA WAGE AND HOUR LAW IS INAPPLICABLE AND UNPERSUASIVE

First, costs are available to Defendant under the Federal Rule of Civil Procedure and there is a presumption in favor of awarding costs, as discussed above.

Second, even if the California standard is applied (as discussed in the Objections, Document 21, Page ID # 199, lns. 11-27, Page ID # 200, lns. 1-23) and a showing of bad faith on Plaintiff's part was required (which Defendant disputes because this Application should be decided based upon the Federal Rules of Civil Procedure and Local Rules), Defendant should still prevail and recover its costs totaling $402. Plaintiff here acted in bad faith

because he filed a civil lawsuit for individual and class action claims that he knew he had agreed to arbitrate in the March 12, 2021 Arbitration Agreement. Moreover, not only did Plaintiff know that he signed the agreement, but his original counsel also knew, and then he seemingly hired different counsel who then filed a state court complaint for arbitrable claims. Finally, Plaintiff could have requested dismissal of the instant Complaint before Defendant was forced to incur $402 in out-of-pocket costs to defend itself. Plaintiff did not and cannot be said to have acted in good faith here.

## III.   CONCLUSION

For the reasons set forth above, Defendants' Application to the Clerk to Tax Costs should be granted and it should recover the $402 sought in its Application to the Clerk to Tax Costs, Document 20, Page ID #191 at Tab 1.

Dated: October 13, 2022        **LightGabler**

By: /s/ Kathleen M. Fellows
Chandra A. Beaton
Kathleen M. Fellows
Attorneys for Defendant
DCOR, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2022, a copy of the foregoing **DEFENDANT'S RESPONSE IN SUPPORT OF APPLICATION TO CLERK TO TAX COSTS** was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which would send an electronic copy of this filing to all counsel of record.

/s/ Adriana J. Diaz